
FILED
FEB 19 2020
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

NATHANIEL JAY REED,

Defendant/Movant.

Cause No. CR 08-143-BLG-SPW
CV 20-003-BLG-SPW

ORDER DISMISSING § 2255
MOTION AND DENYING
CERTIFICATE OF
APPEALABILITY

This case comes before the Court on Defendant/Movant Nathaniel Jay Reed's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Reed is a federal prisoner proceeding pro se.

A jury convicted Reed of aggravated sexual abuse and acquitted him of burglary. On September 27, 2010, the presiding judge entered an order amending the amended judgment. Reed served a prison sentence of 151 months and is currently serving a ten-year term of supervised release.

On January 24, 2020, the Court ordered Reed to show cause why his motion should not be dismissed as untimely. *See* Order to Show Cause (Doc. 71). Reed failed to respond.

In his motion, Reed asserted he is entitled to equitable tolling of the limitations period because the Attorney General of the United States is "currently

1

delaying the implementation" of "the First Step Act reauthorizing the 2007 Second Chance Act." Mot. § 2255 (Doc. 69) at 12. Neither the First Step Act nor the Second Chance Act has anything to do with the validity of Reed's conviction or his sentence's susceptibility to collateral attack under 28 U.S.C. § 2255. The Order to Show Cause explained how Reed might excuse his delay of more than eight years in filing his § 2255 motion. He has failed to point to a legitimate excuse.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court is not persuaded that Reed has made a substantial showing that he was deprived of a constitutional right. But even if he has, reasonable jurists would not disagree with the procedural ruling. Reed's affidavit (Doc. 69 at 14) amply demonstrates that he filed his § 2255 motion far too late.

Accordingly, IT IS ORDERED:

1. Reed's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 69) is DISMISSED WITH PREJUDICE as time-barred without excuse.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Reed files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 20-03-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Reed.

DATED this 19th day of February, 2020.

Susan P. Watters
United States District Court

3